UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>PLATINUM PARTNERS VALUE ARBITRAGE FUND L.P. (IN OFFICIAL LIQUIDATION), *et al.*<br><br>    Debtors in Foreign Proceedings. | **1:22-cv-06376-GHW**<br><br>Chapter 15<br><br>Case No. 16-12925 (JPM)<br>(Jointly Administered) |
| PLATINUM PARTNERS VALUE ARBITRAGE FUND L.P.,<br><br>    Plaintiff,<br><br>    vs.<br><br>MICHAEL M. GOLDBERG,<br><br>    Defendant. | Adv. Proc. No. 18-01650 (JPM) |

**PLAINTIFF PLATINUM PARTNERS VALUE ARBITRAGE FUND LP'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT MICHAEL M. GOLDBERG'S MOTION PURSUANT TO 28 U.S.C. § 158(A)(2) AND BANKRUPTCY RULE 8004 FOR LEAVE TO APPEAL**

HOLLAND & KNIGHT
31 West 52nd Street
New York, New York 10019
Tel: (212) 513-3200
Fax: (212) 385-9010

*Attorneys for Plaintiff*

Dated: New York, New York
      August 17, 2022

# TABLE OF CONTENTS

**Page**

OVERVIEW ................................................................................................ 1

ARGUMENT ............................................................................................... 4

POINT I  THE STANDARDS GOVERNING A MOTION FOR LEAVE TO
APPEAL AN INTERLOCUTORY BANKRUPTCY COURT ORDER ............... 4

POINT II  GOLDBERG HAS FAILED TO SATISFY HIS HEAVY BURDEN
TO SHOW THAT THIS COURT SHOULD GRANT AN
INTERLOCUTORY APPEAL ...................................................... 5

A.    Goldberg Has Failed To Show That The Appeal  Involves A Pure
Question Of Law That Is Controlling ...................................................... 5

B.    Goldberg Has Failed To Show That The Appeal Involves A Controlling
Question Of Law As To Which There Is A Substantial Ground For
Difference OF Opinion ...................................................... 8

C.    Goldberg Has Failed To Show That An Immediate Appeal From The
Orders May Materially Advance The Ultimate Termination Of The
Litigation ...................................................... 14

D.    Goldberg's Additional "Ample Grounds" Are Patently  Insufficient To
Justify An Interlocutory Appeal ...................................................... 16

    (1)    Goldberg's Specious "Standing" Argument ............................................. 17

    (2)    Goldberg's Defective "Binding Argument" ............................................. 18

    (3)    Goldberg's Meaningless "Waiver" Assertion ............................................. 18

    (4)    Goldberg's Meritless "Newly Discovered Evidence" ............................. 19

CONCLUSION ...................................................... 21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Aramid Entertainment Fund Limited*,
  21 Civ. 4840, 2022 WL 118293 (S.D.N.Y. Jan. 12, 2022)......................................................15

*In re Atlas*,
  210 F.3d 1305 (11th Cir. 2000) ....................................................................................... 15-16

*CBRE, Inc. v. Pace Gallery of New York, Inc.*,
  17-CV-2452-ALC-SN, 2022 WL 683744 (S.D.N.Y. Mar. 8, 2022) .....................6, 19, n. 9, 21

*Certain Underwriters at Lloyd's, London v. Drennen*,
  20-cv-1645 (LJL), 2020 WL 1816198 (S.D.N.Y. April 10, 2020)...........................................7

*Chechele v. Standard General L.P.*,
  20 Civ. 3177 (KPF), 2022 WL 766244 (S.D.N.Y. Mar. 14, 2022) ................................16, n. 6

*Falberg v. Goldman Sachs Group, Inc.*,
  19 Civ. 9910 (ER), 2020 WL 7695711 (S.D.N.Y. Dec. 28, 2020).........................................14

*In re Johns-Manville Corporation*,
  Adv. No. 17-ap-01186 (CGM), 2019 WL 5965205 (S.D.N.Y. Nov. 13, 2019)......................8

*In re Kassover*,
  343 F.3d 91 (2d Cir. 2003)......................................................................................................4

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave*,
  921 F.2d 21 (2d Cir. 1990)......................................................................................................5

*Koehler v. Bank of Bermuda Ltd.*,
  101 F.3d 863 (2d Cir. 1996)...........................................................................................4, 16

*Kumaran v. ADM Investor Services, Inc.*,
  1:20-cv-3873-GHW, 2022 WL 2733614 (S.D.N.Y. June 9, 2022)..........................................4

*In re Lehman Bros. Holdings Inc.*,
  2019 WL 2023723 (S.D.N.Y. May 8, 2019) ..........................................................................4, 5

*In re Lehman Bros. Holdings, Inc.*,
  No. 13 Civ. 2211 (RJS), 2014 WL 3408574 (S.D.N.Y. June 30, 2014)................................15

*Liberty Mutual Ins. Co. v. Wetzel*,
  424 U.S. 737 (1976).......................................................................................................3, n. 2

*In re M/V RICKMERS GENOA Litigation*,
  Nos. 05 Civ. 4261(LAP), 05 Civ. 9472(LAP), 05 Civ. 6226(LAP), 05 Civ.
  8841(LAP). 2011 WL 9154839 (S.D.N.Y. July 8, 2011) ............................................7

*MF Global Holdings Ltd v. Allied World Assurance Co., Ltd.*, 17 Civ. 742 (RWS),
  2017 WL 2819870 (S.D.N.Y. June 29, 2017) ..........................................................5

*Parlux Fragrances, LLC v. S. Carter Enterprises, LLC*,
  204 A.D.3d 72 (1st Dep't 2022) ............................................................13, 13, n. 4

*Royal Bank of Canada v. Beneficial Fin. Leasing Corp.*,
  1992 WL 167339, at \*5 (S.D.N.Y. June 29, 1992).....................................................9

*S.T.A. Parking Corp. v. General Star Indemnity Company*,
  1:19-cv-4250-GHW, 2020 WL 704790 (S.D.N.Y. Feb. 11, 2020) .....................................3, 14

*Securities Investor Protection Corporation v. Bernard L. Madoff Investment
  Securities LLC*,
  17-CV-4872-GHW, 2017 WL 4838575 (S.D.N.Y. Oct. 24, 2017)...........................3, 5, 6, 8-9

*Sohm v. Scholastic Inc.*,
  959 F.3d 39 (2d Cir. 2020)........................................................................10, 11

*Thomas & Betts Corporation v. Trinity Meyer Utility Structures, LLC*,
  2021 WL 4302739 (2d Cir. Sept. 22, 2021) ..................................................11, 12, 13

**Statutes and Rules**

28 U.S.C. § 158(a)(2).......................................................................................1

28 U.S.C. § 158(a)(3).......................................................................................4

28 U.S.C. § 1291.........................................................................................3, n. 2

28 U.S.C. § 1292(b) ................................................................................. *passim*

Bankruptcy Rule § 8004 ....................................................................................1

The duly appointed joint official liquidators ("**Liquidators**") of Plaintiff Platinum Partners Value Arbitrage Fund L.P. (in Official Liquidation) ("**PPVA**"), in liquidation by way of the Financial Services Division of the Grand Court of the Cayman Islands (cause no. FSD 131 of 2016 (NSJ)), by their undersigned United States counsel, Holland & Knight LLP, respectfully submit this memorandum of law in opposition to the motion of Defendant Michael M. Goldberg ("**Goldberg**"), pursuant to 28 U.S.C. § 158(a)(2) and Bankruptcy Rule 8004, for leave to appeal from and vacate the Bankruptcy Court's Modified Bench Decision and Order on Cross-Motions for Summary Judgment entered on May 10, 2022 ("**Summary Judgment Decision**") (Dkt. 44) and the Order Denying Motion For Reconsideration entered on July 11, 2022 ("**Reconsideration Order**") (Dkt. 50).

## **OVERVIEW**[1]

The Summary Judgment Decision "granted summary judgment in favor of the Liquidators in connection with the turnover of the value of the PPVA Warrant pursuant to sections 1521(a)(5) and 1521(a)(7) of the Bankruptcy Code" and denied Goldberg's cross-motion for summary judgment. The Bankruptcy Court, *inter alia*, held:

> (1)     The Liquidators have standing to bring the adversary proceeding against Goldberg and to seek turnover of the value of the PPVA Warrant;

> (2)     "[A]ny purported entitlement that Goldberg may have to the Preferred Shares and the PPVA Warrant arises from the Term Sheets;"

> (3)     "[T]he Term Sheets impose express conditions precedent - the satisfaction of the Segregated Account and the Notes Condition - to the obligation of any Platinum entity to deliver the Preferred Shares to Goldberg;"

---

[1] Capitalized terms not otherwise defined herein have the same meaning as in the Liquidators' Motion for Summary Judgment and Opposition to the Reconsideration Motion. *See* Dkt. 19-24, 33-35, 41, 48.

(4)     Goldberg failed to satisfy the express conditions precedent;

(5)     "The factual record is undisputed that none of these requirements [three separate requirements for the transfer of the PPVA Warrant] were satisfied at the time Nordlicht, on behalf of PPVA, purported to assign the PPVA Warrant to Goldberg;"

(6)     In "October 2016, Nordlicht had no authority to act on behalf of PPVA;" and

(7)     As of the date of PPVA's Liquidation, "the PPVA Warrant remained property of PPVA and that the purported assignment is void."

Dkt. 44 at 9, 11, 15-20.  The Reconsideration Order (Dkt. 50 at 6, 10) denied Goldberg's motion for consideration, finding, *inter alia*, that "Goldberg cites to no new case law or controlling law that the Court purportedly overlooked in the [Summary Judgment] Decision," and that the "Reconsideration Motion merely attempts to advance new arguments and repeat arguments already presented to the Court in an effort to relitigate the Summary Judgment Motion and the Summary Judgment Cross-Motion."

Having *lost twice* before the Bankruptcy Court, Goldberg, in a last-ditch effort, now seeks leave to appeal the interlocutory Summary Judgment Decision and the Reconsideration Motion. Goldberg's motion simply rehashes many of the *identical arguments* he made to the Bankruptcy Court on his cross-motion for summary judgment and his motion for reconsideration which the Bankruptcy Court expressly rejected.

The motion should be denied because Goldberg has not met his heavy burden to satisfy any, let alone all, of the required strict criteria for leave to appeal from an interlocutory bankruptcy

court order. [2] Relying on the *same cases* that the Bankruptcy Court rejected, Goldberg has utterly failed to show that the Summary Judgment Decision and the Reconsideration Decision "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an appeal from the order[s] may materially advance the ultimate termination of the litigation." *S.T.A. Parking Corp. v. General Star Indemnity Company*, 1:19-cv-4250-GHW, 2020 WL 704790, at *1 (S.D.N.Y. Feb. 11, 2020).

Further, Goldberg has failed to satisfy his heavy burden to show "exceptional circumstances that overcome the general aversion to piecemeal litigation and justify departing from the basic policy of postponing appellate review until after the entry of a final judgment." *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*, 17-CV-4872-GHW, 2017 WL 4838575, at *3 (S.D.N.Y. Oct. 24, 2017) (Citation omitted).

Significantly, Goldberg's motion cannot change the undisputed fact that the PPVA Warrant *was not* assigned or otherwise transferred to Goldberg before PPVA's Cayman Liquidation commenced on August 23, 2016. Goldberg does not and cannot dispute that, on October 16, 2016, despite knowing of PPVA's Liquidation and its resulting impact on PPVA's property, he and Mark Nordlicht, a co-founder of Platinum Management (NY) LLC and its Chief Investment Officer, executed a document, backdated to a random pre-Liquidation date, purporting to assign the PPVA Warrant to Goldberg.[3] But the Bankruptcy Court correctly held that "in October 2016, Nordlicht had no authority to act on behalf of PPVA," because all authority over PPVA's property had at

---

[2] The Summary Judgment Decision is not an appealable "final order" under 28 U.S.C. § 1291 because it granted judgment on liability but requires an assessment of damages. *See Liberty Mutual Ins. Co. v. Wetzel,* 424 U.S. 737, 744 (1976).

[3] The Summary Judgment Decision (Dkt. 44 at 6) states that "[i]nstead of utilizing the then current date of October 16, 2016, Nordlicht backdated the assignment form to October 1, 2015 (Goldberg Reply SOMF ¶¶ 79-90)."

that time been vested in the Liquidators by the Cayman court. Summary Judgment Decision (Dkt. No. 44 at 20). Goldberg and Nordlicht's "backdating scheme" was a flagrant violation of the liquidation stay imposed by the Cayman court, and an improper attempt to evade the Liquidators' exclusive control over estate property.

## ARGUMENT

### POINT I

### THE STANDARDS GOVERNING A MOTION FOR LEAVE TO APPEAL AN INTERLOCUTORY BANKRUPTCY COURT ORDER

District courts have jurisdiction to hear appeals from interlocutory orders and decrees from bankruptcy courts only "with leave of the court." 28 U.S.C. § 158(a)(3). Since § 158(a)(3) does not provide any criteria for granting leave to appeal, courts apply the statutory standards set forth in 28 U.S.C. § 1292(b) for interlocutory appeals to the United States Court of Appeals. *See, e.g., In re Lehman Bros. Holdings Inc.*, 2019 WL 2023723, at *3 (S.D.N.Y. May 8, 2019).

It is a "basic tenet of federal law to delay appellate review until a final judgment has been entered." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996) (citation omitted). As a result, "interlocutory appeals are 'strongly disfavored.'" *Kumaran v. ADM Investor Services, Inc.*, 1:20-cv-3873-GHW, 2022 WL 2733614, at *1 (S.D.N.Y. June 9, 2022). Moreover, the district court has broad discretion in deciding whether to grant leave to appeal an interlocutory order of the bankruptcy court. *See In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003).

28 U.S.C. § 1292(b) provides that leave to appeal should be granted only if (1) the appeal "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *In re Lehman Bros. Holdings*, 2019 WL 2023723, at *3 (quoting 28 U.S.C. § 1292(b)). "The party seeking leave to appeal bears the burden of demonstrating that all

three criteria have been met." *Id.* Moreover, that party must show "'exceptional circumstances' to 'overcome the general aversion to piecemeal litigation' and 'justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *MF Global Holdings Ltd v. Allied World Assurance Co., Ltd.,* 17 Civ. 742 (RWS), 2017 WL 2819870, at *2 (S.D.N.Y. June 29, 2017) (quoting *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave,* 921 F.2d 21, 24 (2d Cir. 1990)).

"Even when all three criteria are met, a district court retains 'unfettered discretion' to deny leave to appeal for 'any reason,' including judicial economy." *In re Lehman Bros. Holdings,* 2019 WL 2023723, at *3 (citation omitted); *see also MF Global Holdings,* 2017 WL 2819870, at *2. Thus, "district courts must 'exercise great care in' choosing to grant a party leave to file an interlocutory appeal." *Securities Investor Protection Corporation,* 2017 WL 4838575, at *3 (citing *In re Facebook, Inc., IPO Sec. & Derivative Litig.,* 986 F. Supp. 2d 524, 530 (S.D.N.Y. 2014) (internal citation omitted)).

## POINT II

### GOLDBERG HAS FAILED TO SATISFY HIS HEAVY BURDEN TO SHOW THAT THIS COURT SHOULD GRANT AN INTERLOCUTORY APPEAL

Goldberg has utterly failed to satisfy any of the three strict criteria for granting an interlocutory appeal. His failure to meet this heavy burden requires denial of his motion.

**A.**  **Goldberg Has Failed To Show That The Appeal Involves A Pure Question Of Law That Is Controlling**

To satisfy the first criteria of §1292(b), the movant must demonstrate that the question is both controlling and a question of law. A question of law is "'controlling' if reversal of the district court's order would terminate the action," *Klinghoffer v. S.N.C. Achille Lauro,* 921 F.2d 21, 24 (2d Cir. 1990), or "if reversal of the district court's order 'could significantly affect the

conduct of the action.'" *CBRE, Inc. v. Pace Gallery of New York, Inc.*, 17-CV-2452-ALC-SN, 2022 WL 683744, at *4 (S.D.N.Y. Mar. 8, 2022).  Moreover, the "question of law 'must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record.'" *CBRE, Inc.*, 2022 WL 683744, at *4 (citing *Capitol Records, LLC v. Vimeo, LLC*, 972 F.Supp.2d 537, 551 (S.D.N.Y. 2013)).

A mixed question of law and fact does not give rise to an interlocutory appeal under § 1292(b). *See Securities Investor Protection Corporation,* 2017 WL 4838575, at *3 (this Court denied interlocutory appeal finding that "Defendants' proposed appeal does not present 'pure' questions of law" and noting that "'mixed questions of law and fact' are not appropriate for interlocutory appeal") (citation omitted).

The Summary Judgment Decision and the Reconsideration Decision involved the interpretation of various documents, including a Term Sheet, effective March 28, 2014 and an Amended Term Sheet, effective June 11, 2015 (collectively the "**Term Sheets**"), a Securities Exchange Agreement  and the PPVA Warrant.  The Summary Judgment Decision stated that the key issue before the Bankruptcy Court was as follows (Dkt. 44 at 11-12):

> The central question before the Court is whether a genuine dispute as to any material facts exists regarding Goldberg's right to receive the PPVA Warrant and, more specifically, whether PPVA had an obligation to transfer the Preferred Shares (or, after the exchange of the Preferred Shares for the PPVA Warrant, the PPVA Warrant) to Goldberg prior to the commencement of the Cayman Liquidation. Neither party disputes that any purported entitlement that Goldberg may have to the Preferred Shares and the PPVA warrant arises from the Term Sheets. Accordingly, the Court must determine whether there exists any genuine issues of material facts and whether Goldberg or the Liquidators are entitled to judgment as a matter of law as to (i) whether the Segregated Account Condition and the Notes Condition were each contractual conditions precedent to the transfer of ownership of the Preferred Shares to Goldberg and (ii) if so, whether Goldberg properly satisfied such provisions prior to the

commencement of the Cayman Liquidation, providing him with a
live, unconditional right to receive the PPVA Warrant at that time.

Courts have held that issues of contract interpretation generally do not present a "pure

question of law" that is controlling for purposes of an interlocutory appeal. This precise question

was considered in *Certain Underwriters at Lloyd's, London v. Drennen*, 20-cv-1645 (LJL), 2020

WL 1816198, at *3 (S.D.N.Y. April 10, 2020), where the Southern District denied the motion for

an interlocutory appeal, stating:

> This appeal concerns contract interpretation of the Policies, an issue
> that does not typically present a pure "question of law" that is
> controlling. *"While the meaning of a contract generally is
> considered to be a question of law for the court, a question of
> contract interpretation typically is not a 'controlling question of
> law' that serves as a basis for interlocutory appeal." Aristocrat
> Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 426 F. Supp. 2d
> 125, 128 (S.D.N.Y. 2005); *see, e.g., Chenault v. Gen. Motors LLC*,
> 2017 WL 698387, at *4 (S.D.N.Y. Feb. 21, 2017) ("[M]atter of
> contract interpretation," the extent to which the sale order and sale
> agreement barred movants claims was "not a 'question of law'
> within the meaning of Section 1292(b) [and] may not serve as a basis
> for this Court to hear an interlocutory appeal"); *Catskill Dev., LLC
> v. Park Place Entm't Corp.*, 206 F.R.D. 78, 94 (S.D.N.Y. 2002)
> ("Differences over contract construction are not the sort of
> 'controlling question of law' that normally gives rise to
> interlocutory certification."). (Emphasis added).

Thus, Goldberg's motion should be denied because the appeal involves "matters of contract

interpretation" that are not generally suited for an interlocutory appeal. *See* also *In re M/V

RICKMERS GENOA Litigation*, Nos. 05 Civ. 4261(LAP), 05 Civ. 9472(LAP), 05 Civ. 6226(LAP),

05 Civ. 8841(LAP). 2011 WL 9154839, at *1 (S.D.N.Y. July 8, 2011).

In addition, Goldberg has not satisfied his burden that the appeal involves a controlling

issue of law because reversal of the district court's order (a) would not terminate the action and (b)

would not significantly affect the conduct of the action. Notably, Goldberg's appeal does *not*

request that this Court reverse the Bankruptcy Court's denial of his cross-motion for summary

judgment and grant such cross-motion. Goldberg's Notice of Motion For Leave To Appeal is limited to "an Order vacating these Orders [the Summary Judgment Decision and the Reconsideration Order] and the granting of Partial Summary Judgment on the issue of liability to Plaintiff..." *See* Dkt. 3.

Thus, even if this Court reversed the Bankruptcy Court's Summary Judgment Decision -- which Plaintiff submits is highly unlikely -- the matter would be remanded to the Bankruptcy Court for a full trial on the merits and on damages. *In re Johns-Manville Corporation*, Adv. No. 17-ap-01186 (CGM), 2019 WL 5965205 (S.D.N.Y. Nov. 13, 2019), is instructive. There, the Southern District denied a motion for interlocutory appeal on the grounds that movant failed to satisfy, *inter alia*, the first criteria of §1292(b) (*id.* at 2-3):

> To the extent that Thorpe intends to argue on appeal that the language of the TDP is ambiguous and must be interpreted in conjunction with extrinsic evidence … the interpretation of the contract "becomes a question of fact for the jury," *Bourne v. Walt Disney Co.*, 68 F.3d 621, 629 (2d Cir. 1995), and thus is ill-suited for interlocutory appeal….Thus, reversal of the bankruptcy court's Decision would not "terminate" or "materially affect the outcome of the litigation" because the bankruptcy court would still need to determine the extent to which Thorpe was compensated for its losses.

In sum, the foregoing cases demonstrate that Goldberg has failed to meet his heavy burden that his proposed appeal involves a "controlling question of law."

**B.      Goldberg Has Failed To Show That The Appeal Involves
         A Controlling Question Of Law As To Which There
         Is A Substantial Ground For Difference OF Opinion**

In *Securities Investor Protection Corporation*, 2017 WL 4838575, at *2, this Court held that the "substantial ground for a difference of opinion" criteria "must arise out of a genuine doubt as to the correct applicable legal standard relied on in the order" and that "[g]enuine doubt exists where '(1) there is conflicting authority on the issue or (2) the issue is particularly difficult and of

first impression.'" (Citations omitted).  Assuming *arguendo* that the Bankruptcy Court's holdings

that the Term Sheets created conditions precedent which Goldberg failed to satisfy involve

"controlling question(s) of law," Goldberg cannot satisfy his burden that "there is substantial

ground for difference of opinion" on these issues.

*First,* the Summary Judgment Decision and the Reconsideration Decision were based on

well-settled contact principles concerning conditions precedent.  Specifically, the Summary

Judgment Decision, applying New York and federal cases (applying New York law), in great detail

explained the basis for its conclusion that the Term Sheets were clear and unambiguous and that

they contained express conditions precedent that Goldberg failed to satisfy. *See* Dkt. 44 at 12-19.

The Bankruptcy Court, *inter alia*, held (*id.* at 12-15):

> As a general rule, provisions "commencing with words such as 'if.'
> 'on condition that,' 'subject to,' and 'provided' create conditions
> precedent," albeit "this result cannot be guaranteed because of the
> presumption in favor of language of promise and because all
> language requires interpretation." (Citation omitted). …
>
> *The Court finds that no genuine dispute exists that the Term Sheets*
> *unambiguously provides that the obligation to transfer securities is*
> *"subject to the terms and conditions described herein," which*
> *conditions include the Segregated Account Condition and the Notes*
> *condition as conditions precedent to any obligation to transfer the*
> *Preferred Shares to Goldberg. Further, the phrase "subject to"*
> *connotes the parties' intent to create a condition precedent, as does*
> *the placement of the Segregated Account Condition and the Note*
> *Condition under separate headings as separate boxed terms within*
> *the Term Sheet and the Amended Term Sheet. See Royal Bank of*
> *Canada v. Beneficial Fin. Leasing Corp.,* 1992 WL 167339, at *5
> (S.D.N.Y. June 29, 1992) (providing that the inclusion of "'such as,*
> *if , on condition that, subject to, and provided' … as a general rule*
> *demonstrate[s] an intent to make an express condition precedent").*
> The use of the word "shall" in the Segregated Account Condition
> and the Notes Condition also demonstrate the parties' clear and
> unambiguous intent to set conditions precedent to the obligation to
> transfer the Preferred Shares, as the language states that (i) Goldberg
> "shall" establish and deposit the Preferred Shares into "one or more
> segregated brokerage accounts' pursuant to the Segregated Account

> Condition and (ii) Goldberg "shall issue to one or more of the Platinum Funds, as directed by Platinum ...notes in the form of Exhibit A attached hereto." *See Salahuddin v. Mead*, 174 F.3d 271, 274 (2d Cir. 1999)....

> Simply put, the express conditions precedent were material - none of the language in the Term Sheets supports Goldberg's argument that the Segregated Account Condition was "purely ministerial."...

> *[T]he Court finds, as a matter of law, that the Term Sheets impose express conditions precedent - the satisfaction of the Segregated Account Condition and the Notes Condition- to the obligations of any Platinum entity to deliver the Preferred Shares to Goldberg.* (Emphasis added).

Notably, Goldberg does not explain *how* the Bankruptcy Court misinterpreted or misapplied the law and facts in finding that the Term Sheets set forth conditions precedent that Goldberg failed to satisfy prior to the PPVA Liquidation. In making the *identical* arguments he made *twice* to the Bankruptcy Court based on the *same* cases, Goldberg simply says that the Bankruptcy Court's holding "runs afoul of the black letter law that conditions precedent are not only disfavored, but they are *to be avoided*..." *See* Defendant's Memorandum Of Law In Support Of Motion For Leave To Appeal ("Def. Mem.") (Dkt. 3-1) at 8-9.

Furthermore, Goldberg's pronouncement of New York law is wrong for the reasons stated in the Summary Judgment Decision, Reconsideration Order and Second Circuit law. For example, in *Sohm v. Scholastic Inc.*, 959 F.3d 39, 45-47 (2d Cir. 2020), the Second Circuit held that certain license agreements "contain unmistakable language of conditions precedent," stating:

> Nevertheless, though conditions precedent must be "expressed in unmistakable language," *id.* at 305 (quoting *Oppenheimer*, 86 N.Y.2d at 691, 636 N.Y.S.2d 734, 660 N.E.2d 415), "*specific, talismanic words are not required,*" *id.* "[L]inguistic conventions of condition—such as 'if,' 'on condition that,' 'provided that,' 'in the event that,' and 'subject to[ ]' "—can "make plain" a condition precedent. *Id.* at 305–06. "It is ... for the court to decide, as a matter of law, whether a condition precedent ... exists under the terms of a

contract." *Powlus v. Chelsey Direct, LLC*, No. 09-cv-10461, 2011
WL 135822, at *4 (S.D.N.Y. Jan. 10, 2011) (Emphasis added).

*Sohm* demonstrates that the Bankruptcy Court's decisions reflect settled law on conditions precedent.

  *Second*, Goldberg's reliance on *Thomas & Betts Corporation v. Trinity Meyer Utility Structures, LLC*, 2021 WL 4302739, at *2 (2d Cir. Sept. 22, 2021), for the proposition that the phrase "subject to" is *never* sufficient to create conditions precedent mischaracterizes the analysis and holding of that case. *See* Def. Mem. at 7. The *Thomas & Betts* Court concluded that there is no "bright-line rule" that the phrase "subject to" automatically creates a condition precedent and that courts analyzing such language "must look to both the placement of the conditional language and the context in which it is used." 2021 WL 4302739, at *2-3.

  Critical to the Second Circuit's analysis in *Thomas & Betts* that the specific language did not create conditions precedent were the facts that (i) elsewhere in the subject agreement were headings labeled "conditions precedent" whereas the provision at issue contained no such heading; (ii) the words "subject to" were not included in the provision at issue; and (iii) a construction of the notice provision at issue as a strict condition precedent would result in a forfeiture of substantial rights based on a technical violation, particularly where there was no dispute that the counterparty had actual notice of the underlying dispute. *Id.* at *3-4.

  Thus, Goldberg's citation of *Thomas & Betts* (which is not new law, and follows long-established rules of contract interpretation recited in the Summary Judgment Decision) does not show a "genuine doubt as to the correct applicable legal standard" applied by the Bankruptcy Court. Indeed, the Summary Judgment Decision acknowledged and applied the same analytical framework discussed in *Thomas & Betts*:

> As a general rule, provisions "commencing with words such as 'if,' 'on condition that,' 'subject to,' and 'provided' create conditions precedent," albeit "this result cannot be guaranteed because of the presumption in favor of language of promise and because all language requires interpretation." *Nat'l Fuel Gas Distribution Corp. v. Hartford Fire Ins. Co.*, 11 Misc. 3d 1058(A) (Sup. Ct. 2005), *aff'd as modified*, 28 A.D. 3d 1169 (2006) (concluding that a notice requirement which "follow[ed] the word 'PROVIDED' . . . indicate[d] the creation of a condition") (citation omitted); *see also* Restatement (Second) of Contracts § 226 (1981) ("No particular form of language is necessary to make an event a condition, although such words as 'on condition that,' 'provided that' and 'if' are often used for this purpose. An intention to make a duty conditional may be manifested by the general nature of an agreement, as well as by specific language. Whether the parties have, by their agreement, made an event a condition is determined by the process of interpretation.").

Summary Judgment Decision (Dkt. 44) at 12-13.

Following the analytical framework set forth in *National Fuel*, the Restatement, and *Thomas & Betts*, the Bankruptcy Court's holding that the Notes Condition is a condition precedent was not based solely on the use of the phrase "subject to at the outset of the Binding Term Sheet," *see* Dkt. 44. Rather, the Bankruptcy Court considered the placement of conditional language and the context in which it was used. *See* Summary Judgment Decision (Dkt. 44) at 12-15. The Bankruptcy Court took into account the fact that the Notes Condition and Segregated Account Condition were placed in separate boxes and under separate headings in the Term Sheet and Amended Term Sheet. *Id.* at 13-15.

The Bankruptcy Court also relied on the inclusion of the phrase "shall" in both the Notes Condition and the Segregated Account Condition as indicators of future actions. *Id* at 14. And the Bankruptcy Court correctly observed that the Notes Condition and Segregated Account Condition both went to the core of the transaction that the parties to the Term Sheets were agreeing to in these documents: a conditional transfer of certain securities, supported by and conditioned on corresponding notes to be issued by Goldberg and adequate protections of Platinum's security

interests being in place. *Id.* at 14-15.  These facts – as the Bankruptcy Court's Summary Judgment Decision properly recognizes – distinguished this case from the circumstances present in *Thomas & Betts*.  Indeed, the Bankruptcy Court's Reconsideration Order held (Dkt. 50 at 7):

> In the [Summary Judgment] Decision, in determining whether the Term Sheets created conditions precedent, the Court considered the analytical framework laid out in *National Fuel* and *Thomas & Betts*, analyzing not solely the use and location of the phrase "subject to" - as Goldberg asserts - but, instead, the placement of all conditional language in the documents and the context in which such language was used. The Court also notes that, while the standard in *Thomas & Betts* was reviewed and considered by the Court, the facts of *Thomas & Betts* (and for that matter the facts of *Parlux Fragrances*, also cited by Goldberg) are distinguishable from the instant case.[4]

In short, neither *Thomas & Betts* nor *Parlux* change the long-standing principles of contract construction also espoused by *National Fuel Gas* and the Restatement (Second) of Contracts, which the Bankruptcy Court correctly relied on in determining that, considering the context and essential purpose of the Term Sheets, the Segregated Account Condition and the Notes Condition were conditions precedent to Goldberg's executory interest in the PPVA Warrant.   As the Reconsideration Order (Dkt. 50 at 7) recognized, "the Court agrees" with the Liquidators' position that "*Thonas & Betts* in fact **supports** the Court's prior finding the Segregated Account Condition and the Notes Condition were conditions precedent to any obligation to transfer the PPVA Warrant to Goldberg."  Thus, *Thomas & Betts* is *not* conflicting authority on the issue of conditions precedent and Goldberg has not satisfied his burden to show that the appeal involves a controlling question of law for which there is "substantial ground for difference of opinion."

---

[4] As the Bankruptcy Court recognized, *Parlux Fragrances, LLC v. S. Carter Enterprises, LLC*, 204 A.D.3d 72, 85-86 (1st Dep't 2022), is inapposite. There, the court rejected a construction of a contract provision as a condition precedent where the provision included no traditional language of condition, and where "conditions" were expressly enumerated elsewhere in the contract. *Id.*

Indeed, Goldberg has failed to show any, let alone a substantial ground, for difference of opinion with respect to the Bankruptcy Court's holdings on conditions precedent and Goldberg's failure to satisfy such conditions precedent. Goldberg's "mere[ly] claim[ing] that the district court's ruling was incorrect does not demonstrate a substantial ground for a difference of opinion." *Falberg v. Goldman Sachs Group, Inc.,* 19 Civ. 9910 (ER), 2020 WL 7695711, at *5 (S.D.N.Y. Dec. 28, 2020) (citation omitted). "A *possibility* that the outcome might be different on appeal is not enough." *Id.* (citation omitted). *See also* S.*T.A. Parking Corp.*, 2020 WL 704790, at *1 (motion for interlocutory appeal denied because, *inter alia*, "Defendant cites all the same cases here as it did in its original motion to dismiss, and fails to grapple with the controlling Court of Appeals decisions").

Goldberg's failure to satisfy his high burden on the second criteria requires denial of his motion for leave to file an interlocutory appeal.

## C.      Goldberg Has Failed To Show That An Immediate Appeal From The Orders May Materially Advance The Ultimate Termination Of The Litigation

Goldberg also cannot satisfy his burden to show that an immediate appeal from the Summary Judgment Decision and The Reconsideration Order would materially advance the litigation. Goldberg asserts that "if the Order is reversed on appeal, a damages trial will become moot and a new trial will be required to address liability and, if there is a finding of liability at trial, damages" and that "this second trial will require significant, duplicative resources from the Bankruptcy Court which can be completely avoided if leave to appeal is granted." *See* Def. Mem., at 10. Goldberg also asserts that "granting leave to appeal will not prejudice PPVA." *Id.* These assertions are meritless.

*First*, an interlocutory appeal will not advance termination of the litigation where, as shown above, Goldberg cannot show that the appeal involves a controlling question of law as to which

there is substantial ground for difference of opinion.  Indeed, the Summary Judgment Decision and Reconsideration Order followed settled law on the issue of conditions precedents. Since Goldberg cannot show that there is any "substantial doubt" that these Decisions were incorrect, there is no reason whatsoever for a piecemeal appeal.

*Second*, the primary action that remains in the Bankruptcy Court is the assessment of damages, which PPVA anticipates will be scheduled in the next few months.  PPVA also believes that this damages assessment can be completed within a reasonable period which will lead to a final judgment and Goldberg can then appeal that judgment.  Given that this adversary proceeding has been pending since 2018, PPVA will be substantially prejudiced by the granting of an interlocutory appeal which would have the effect of delaying the assessment of damages and the entry of a final judgment.  Simply put, it is likely that a final judgment will enter in short order, following which Goldberg will be free to appeal any aspect(s) of that judgment he chooses.

*Third*, even if the Summary Judgment Decision and Reconsideration Order were reversed on appeal -- which is highly unlikely -- the parties would then face a full trial on the merits and a damages trial.  As a result, "granting an interlocutory appeal is likely to waste time instead of save time." *In re Lehman Bros. Holdings, Inc.*, No. 13 Civ. 2211 (RJS), 2014 WL 3408574, at *2 (S.D.N.Y. June 30, 2014).  *See* also *In re Aramid Entertainment Fund Limited*, 21 Civ. 4840, 2022 WL 118293, at *9 (S.D.N.Y. Jan. 12, 2022) ("[i]f anything, an interlocutory appeal at this stage would further *prolong* the litigation…").

The prolongation of the litigation applies with greater force in bankruptcy proceedings. *See In re Atlas*, 210 F.3d 1305, 1308 (11th Cir. 2000) ("Allowing a litigant to appeal a bankruptcy court's determination of liability prior to an assessment of damages poses a greater risk of

duplicative litigation than in a similar civil appeal because, in bankruptcy matters, the litigant may appeal to a district and appellate court.").[5]

*Fourth,* given the "basic tenet … to delay appellate review until a final judgment has been entered," *see Koehler*, 101 F.3d at 865, that interlocutory appeals are "strongly disfavored" and that exceptional circumstances are required for an interlocutory appeal, the standard procedure is to deny interlocutory appeals where a party obtained summary judgment on liability and a damages trial must be held to set damages.[6] Significantly, Goldberg does not cite to a single case granting an interlocutory appeal that deviates from this standard procedure.

**D.    Goldberg's Additional "Ample Grounds" Are Patently Insufficient To Justify An Interlocutory Appeal**

In an attempt to bolster his motion, Goldberg contends that "there are ample grounds to reverse the Order" in addition to the "manifest condition precedent errors." *See* Def. Mem. at 11-19. As we show below, none of these purported grounds show that the Bankruptcy Court

---

[5] Goldberg also argues that an interlocutory appeal should be granted because "Dr. Goldberg may be subjected to a judgment against him that cannot be justified, and would subject him to the financial, reputational and other harms that such a false judgment would inflict on him." *See* Def. Mem. at 10. This argument need not detain the Court for two reasons. First, Goldberg concedes that these "are not technically an articulated factor" to be considered on this motion. *Id.* Second, and of even greater significance, the Bankruptcy Court in two separate decisions held that PPVA is entitled to judgment on liability and that Goldberg failed to satisfy the conditions precedent in the agreements. Thus, contrary to Goldberg's conclusory assertion, denial of the motion is consistent with the "interests of justice."

[6] In denying the motion for an interlocutory appeal, the Southern District in *Chechele v. Standard General L.P.*, 20 Civ. 3177 (KPF), 2022 WL 766244, at *3, n. 3 (S.D.N.Y. Mar. 14, 2022), stated that "[d]istrict courts have noted that 'federal practice strongly disfavors discretionary interlocutory appeals [as they] prolong judicial proceedings, add delay and expense to litigants, burden appellate courts, and present issues for decisions on uncertain and incomplete records, tending to weaken the precedential value of judicial opinions.'" (Citations omitted). These factors also warrant denial of Goldberg's motion.

committed "legal error" or otherwise support Goldberg's motion for leave to file an interlocutory appeal.

(1)   **Goldberg's Specious "Standing" Argument**

Incredibly, Goldberg argues that that the "Bankruptcy Court committed legal error in ignoring PPVA's admission as to the absence of standing in its Opposition Brief." *See* Def. Mem. at 11. This argument can be summarily dismissed.

Contrary to Goldberg's bare assertion, PPVA never "admitted" that it had no standing to assert the claims against Goldberg in the bankruptcy proceeding. It was PPVA that held the PPVA Warrant in its own name. Accordingly, it was PPVA that would be directed to transfer these particular securities per the terms of the Term Sheets and PPVA that would benefit from Goldberg's corresponding Note and from the Segregated Account protections contained in the Term Sheets.

Moreover, the Bankruptcy Court's Summary Judgment Decision expressly rejected Goldberg's contention and held that that the Liquidators had standing to bring this adversary proceeding (Dkt. 44 at 9):

> The Court agrees with the Liquidators. At issue in this adversary proceeding, *inter alia*, is the beneficial ownership of the PPVA Warrant as of the date of the commencement of the Cayman Liquidation on August 23, 2016. It is clearly within the purview of section 1521(a)(7) of the Code to grant the Liquidators relief that would enable them to obtain turnover of property belonging to PPVA. "Incident to the task of administering and realizing assets of the debtor within the U.S. is the need to obtain affirmative control over such assets. It may be necessary to obtain turnover of assets on the hands of third parties." *In re Atlas Shipping A/S*, 404 B.R. 726, 740 (Bankr. S.D.N.Y. 2009) (quoting Lief M. Clark, ANCILLARY & OTHER CROSS-BORDER INSOLVENCY CASES UNDER CHAPTER 15 OF THE BANKRUPTCY CODE, §7[2], at 73 (2008)).

Significantly, Goldberg does not even attempt to show that that there is "substantial difference of opinion" on the issue that the Liquidators had standing to commence and prosecute this adversary proceeding against Goldberg.[7]

### (2) Goldberg's Defective "Binding Argument"

Equally defective is Goldberg's contention that the Bankruptcy Court "committed error … by referring to the parties' binding contract as a simple 'Term Sheet'- thereby deleting the governing term 'Binding'" and that "the Bankruptcy Court ignored certain plain and express language of the Binding Term Sheet that negated" certain findings. *See* Def. Mem. at 12-13. The simple answer to this facile contention is that the Bankruptcy Court in great detail examined the obligations of the parties under the relevant agreements, treated such obligations as binding contractual terms, and based on the express language of the agreements and settled New York law held that the Terms Sheets contained conditions precedent that Goldberg failed to satisfy.[8]

### (3) Goldberg's Meaningless "Waiver" Assertion

---

[7] That PPVA was not a signatory to the Term Sheets is irrelevant to the Liquidator's standing and authority to bring this adversary proceeding.

[8] The Bankruptcy Court also expressly rejected Goldberg's argument that the Note Condition was not a condition precedent, holding that "[t]he obligation to transfer the Preferred Shares pursuant to the Term Sheets was contingent upon the satisfaction of two independent conditions precedent: the Segregated Account Condition and the Notes Condition" which Goldberg failed to satisfy. *See* Summary Judgment Decision (Doc. No. 44) at 17-19. However, the Court's Summary Judgment Decision did not turn on whether Goldberg satisfied the Notes Condition. *See* Summary Judgment Decision at 18 (because the Court held that Goldberg indisputably failed to satisfy the Segregated Account Condition, "[t]he Court, therefore, need not address whether Goldberg satisfied the Notes Condition."). *Id.* The Court went on to hold that "[e]ven assuming, *arguendo*, that the Segregated Account Condition was not a condition precedent and that an obligation to transfer the Preferred Shares to Goldberg was triggered solely by the satisfaction of the Notes Condition, the Court finds that there exists no genuine issue of material fact that Goldberg failed to satisfy the Notes Condition. *Id.* Simply put, Goldberg's motion raises nothing that would alter the Bankruptcy Court's ultimate finding that legal entitlement to the PPVA Warrant did not transfer to Goldberg before the PPVA Cayman Liquidation commenced.

Nor is there any merit to Goldberg's assertion that the "Bankruptcy Court ignored evidence that PMNY (the only other signatory to the Binding Term Sheet) waived the note obligation." *See* Def. Mem. at 15. Here again, Goldberg does not even attempt to satisfy his burden that there is "substantial difference of opinion" on this "waiver" issue -- a showing that he cannot make.

Goldberg's "waiver" argument is fatally flawed and was rejected by the Bankruptcy Court. Goldberg asserts that PMNY waived the Notes Condition when Nordlicht supposedly assigned the PPVA Warrant to him. *See* Dkt. 46 at 12. That argument, however, ignores Cayman law that on October 16, 2016 -- when Nordlicht signed and backdated a purported assignment of the PPVA Warrant to Goldberg -- Nordlicht, as the Bankruptcy Court held, had *no authority* to dispose of PPVA's assets, and that all such authority was vested in the Liquidators and the Cayman court. *See* Summary Judgment Decision (Dkt. 44) at 6, 20-21 (citing Goldberg Reply SOMF ¶¶ 79-90) & 8 (citing Section 99 of the Companies Act). Indeed, the Bankruptcy Court, in the Reconsideration Order, held that this waiver argument was not "meritorious." *See* Reconsideration Order (Doc. No. 50 at 9-10).[9]

### (4)    Goldberg's Meritless "Newly Discovered Evidence"

In a desperate attempt to come up with some legal basis for his motion for an interlocutory appeal, Goldberg contends that "[n]ewly Discovered JOL Reports Establish that Plaintiff's Representations Were False" and that documents "confirm" that Dr. Goldberg "owned" the "Transferred Securities" before the August 25, 2016 liquidation date of PPVA. *See* Def. Mem. at 15, "Heading C," and 15-19. These contentions can be summarily rejected for three reasons.

---

[9] Additionally, Goldberg's "waiver" assertion is not a "pure question of law" and thus is not an issue suited for an interlocutory appeal. *See CBRE, Inc.*, 2022 WL 683744, at *4 ("The question of law [under the first prong of § 1292(b)] 'must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record.") (citation omitted).

*First*, the Bankruptcy Court's Reconsideration Order rejected Goldberg's "newly discovered" evidence contention, concluding (Dkt. 50 at 9):

> [t]he Court finds that the March 2020 and March 2022 e-mails to Goldberg attaching copies of the Liquidators' periodic progress reports are, as a matter of law, not new evidence requiring reconsideration of the [Summary Judgment] Decision, as they were available to Goldberg in his email inbox for over two years beginning in March 2020 (with an updated report containing the same information on receivables having been sent to Goldberg in March 2022).

*Second*, the Bankruptcy Court's Reconsideration Order upheld the Summary Judgment's Decision rejecting Goldberg's reliance on the Liquidators' "accounting treatment" of the Notes or "potential receivables from Goldberg," stating (Dkt. 50 at 9):

> Moreover, the Court previously considered the Liquidators' accounting treatment of potential receivables from Goldberg arising from this litigation and found that it did not raise a genuine issue of material fact regarding Goldberg's failure to satisfy the Notes Condition. As the Court stated in the Decision, "references to the accounting treatment of the Notes or vague observations by a third party fail to raise an genuine issues of material fact to the contrary." (Decision at 19).[10]

The foregoing holdings of the Bankruptcy Court require the rejection of Goldberg's argument that the Bankruptcy Court "committed legal error by completely disregarding the evidence presented by Dr. Goldberg that all the persons involved… certified and memorialized and confirmed that Dr. Goldberg did in fact own the subject Transferred Securities well *before* the Liquidation date." *See* Def. Mem. at 18.  Goldberg's faulty argument is predicated on the same

---

[10] Significantly, the "accounting treatment" cannot negate the dispositive effect of Goldberg's *own admissions* that he never issued the notes. *See* Dkt. 30-2 ¶ 15; *see also* Dkt. 20-1 at 87:9-12 & 109:4-23; Dkt. 46 at 12 ("Dr. Goldberg and PMNY were aware that a stand-alone Note had not been executed.").  This is particularly so where the "accounting treatment" is simply a carry-over of PMNY's accounting treatment.  *Compare* Dkt. 46, Goldberg Ex. 1 at 25 with Dkt. 30-5 at 29 (PPVA 2014 financial statement listing notes receivable in the same amount of $16,142,504).

documents and "evidence" Goldberg submitted on his cross-motion for summary judgment, which the Bankruptcy Court held to be "vague observations by a third party" that "fail[s] to raise any genuine issues of material fact to the contrary." *See* Summary Judgment Decision (Dkt. 44) at 19 (relying on Dkt. 35 at 17).  Goldberg's argument fails for all of the reasons discussed in the Summary Judgment Decision and the Reconsideration Order, which were based on well-settled law and undisputed facts.

*Third*, purported "newly discovered" evidence is a factual issue that is not suited for an interlocutory appeal, which is limited to "pure questions of law." *See CBE, Inc.*, 2022 WL 683744, at *4 . As with his prior arguments, Goldberg does not even attempt to satisfy his high burden that there is a "substantial difference of opinion" on this issue -- a showing that he cannot make.

## CONCLUSION

For the foregoing reasons, PPVA respectfully requests that the Court deny Goldberg's motion for leave to file an interlocutory appeal in all respects.

Dated: August 17, 2022
     New York, New York

                               Holland & Knight LLP
                               *Attorneys for Plaintiff*

                               *By /s Robert J. Burns*
                               Warren E. Gluck, Esq.
                               Robert J. Burns, Esq.
                               Mitchell J. Geller
                               Qian (Sheila) Shen, Esq.
                               31 West 52nd Street
                               New York, NY 10019
                               warren.gluck@hklaw.com
                               robert.burns@hklaw.com
                               mitchell.geller@hklaw.com
                               qian.shen@hklaw.com
                               Tel:    (212) 513-3200
                               Fax:    (212) 385-9010

#177217309_v1